

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR -6 2012
CLERK, U.S. DISTRICT COURT
by_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IRVING MCKINNEY JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-063-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Irving McKinney Jr., a state prisoner currently incarcerated in Tennessee Colony, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On June 15, 2000, a jury convicted petitioner of injury to a child with serious bodily injury in the Criminal District Court Number Four of Tarrant County, Texas, and the trial court

assessed his punishment at twenty-five years' confinement. (State Habeas R. at 65) Petitioner pursued direct review, culminating with the United States Supreme Court's denial of certiorari on June 28, 2002. (*Id.* at 68) *McKinney v. State*, PDR No. 2313-01; *McKinney v. State*, 536 U.S. 968 (2002). Petitioner also pursued state postconviction habeas relief to no avail. His state habeas application, filed on April 19, 2011, was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on July 27, 2011. (State Habeas R. at cover) This federal petition is deemed filed on January 24, 2012,[1] wherein petitioner challenges his 2000 conviction on three grounds. (Pet. at 6-7) As ordered, respondent has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which petitioner did not timely reply.

## II. Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. *Id.* § 2244(d)(1)(A). Petitioner's 2000 conviction became final on June 28, 2002, the date certiorari was

denied by the Supreme Court. Therefore, petitioner's federal petition was due on or before June 28, 2003, absent any tolling of the limitations period. *Howland v. Quarterman*, 507 F.3d 840, 843 (5th Cir. 2007); *Giesberg v. Cockrell*, 288 F.3d 268, 271 (5th Cir. 2002).

Petitioner's state habeas application filed on April 19, 2011, nearly eight years after the statute of limitations had already expired, did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *Holland v. Florida*, 130 S. Ct. 2549, 2563-64 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). In his petition, petitioner merely alleges that he is "a layman to this issue," however it is well settled that a petitioner's unfamiliarity with the legal process, ignorance of the law, lack of knowledge of filing deadlines, and pro se status do not excuse prompt filing. (Pet. at 9) *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir.

2000).

Petitioner's federal petition was due on or before June 28, 2003. Accordingly, his petition filed on January 24, 2012, is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner failed to show his petition to be timely and to make "a substantial showing of the denial of a federal right."

SIGNED April 6, 2012.

JOHN McBRYDE
UNITED STATES DISTRICT JUDGE

5